**ORIGINAL**

# In the United States Court of Federal Claims
No. 17-0179 C

(Filed July 21, 2017)

**FILED**

**JUL 2 1 2017**

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| JULIE A. BEBERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Motion for Reconsideration; RCFC |
| v. ) | 59(e); Mistake of Fact |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

Julie Beberman, Arlington, VA, pro se.

Margaret J. Jantzen, Washington, DC, with whom were Chad A. Readler, Principal Deputy Assistant Attorney General, Robert E. Kirschman, Jr., Director, Deborah A. Bynum, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.

## OPINION AND ORDER

CAMPBELL-SMITH, Judge

    Before the court is plaintiff's motion for reconsideration of the court's order dismissing her complaint. See ECF No. 6. The court ordered that the motion be fully briefed, see ECF No. 7, and it is now ripe for decision. For the following reasons, the plaintiff's motion is **GRANTED**.

I.    Background

    On April 4, 2017, the court dismissed plaintiff's complaint for lack of subject matter jurisdiction. See ECF No. 4. In reaching this conclusion, the court reviewed the allegations in two complaints—the complaint filed here, and the fourth amended complaint that plaintiff requested leave to file with the United States District Court for the Virgin Islands. See id. at 3-5. The court found that it lacked subject matter jurisdiction pursuant to 28 U.S.C. § 1500 because the district court action was earlier-

filed and still pending, and involved the same set of operative facts as the complaint filed with this court. See ECF No. 4 at 1.

II.     Legal Standards

Plaintiff has moved the court for reconsideration of its previous opinion pursuant to Rule 59(e) of the Rules of the United States Court of Federal Claims (RCFC). Rule 59(e) states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." RCFC 59(e). In order to prevail on a timely filed motion, the moving party must "make an evidentiary showing of extraordinary circumstances." Johnson v. United States, 127 Fed. Cl. 661, 663 (2016) (citing Crews v. United States, 424 Fed. Appx. 937, 940 (Fed. Cir. 2011)). Extraordinary circumstances for purposes of Rule 59(e) include: "(1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC, 597 F.3d 1374, 1383 (Fed. Cir. 2010). "To prevail on grounds of legal error, 'the movant must point to a manifest error of law or mistake of fact.'" Boston Edison Co. v. United States, 106 Fed. Cl. 330, 335 (2012) (quoting System Fuels, Inc. v. United States, 79 Fed. Cl. 182, 184 (2007), aff'd in part and rev'd in part on other grounds, 457 Fed. Appx. 930 (Fed.Cir. 2012)).

III.    Analysis

Plaintiff argues that the court committed a clear error, due to a mistake of fact, in dismissing her complaint. See ECF No. 6 at 2. Specifically, she claims that the court compared the complaint filed in this court to the wrong district court complaint in finding that the two cases were based on the same set of operative facts. See id. at 2-3. According to plaintiff, the first amended complaint, not the fourth amended complaint, was the operative complaint before the district court. See id. at 3. After additional examination of the docket, and consultation with the district court, the court finds that plaintiff is correct. In conducting its analysis pursuant to 28 U.S.C. § 1500, the court should have compared the complaint in this case with the first amended complaint before the district court.

The court based its finding that the cases arose from the same operative facts on the overlap of claims related to "the receipt of separation orders and the transfer from the Embassy Malabo to Washington, D.C. following her tenure denial." See ECF No. 4 at 7. Those allegations appear in the fourth count of the proposed fourth amended complaint, titled "Count 4—Against Secretary of State John Kerry for Retaliation—Separation Orders". See ECF No. 8-1 at 59. No such claim appears in plaintiff's first amended complaint. In the first amended complaint, plaintiff alleges only two claims: (1) for violations of the Age Discrimination in Employment Act, in which she claims that her supervisor treated her differently from younger, male counterparts with regard to work

2

assignments; and (2) for a violation of the Privacy Act in which she claims defendant has not adequately protected sensitive personal information. See id. at 20-39.

The court erred in looking to the proposed fourth amended complaint rather than the operative first amended complaint. And given the material differences between the allegations in each, that error was not harmless.

In its response, however, defendant argues that the court reached the proper conclusion despite this mistake. Defendant contends that the error was harmless because "another, earlier-filed lawsuit divests this Court of jurisdiction under 28 U.S.C. § 1500." ECF No. 8 at 7. In making this argument, defendant does not defend the court's previous analysis. Rather, it examines the claims in a complaint filed by plaintiff in the United States District Court for the District of Columbia, and concludes that those claims divest the court of jurisdiction pursuant to section 1500. See id. at 7-9. Defendant may be correct, but its argument is not properly raised in response to plaintiff's motion for reconsideration. The court will not deny the present motion based on the symmetry of claims that were not known to the court at the time it dismissed plaintiff's complaint.

Should defendant choose to pursue the argument that the court lacks jurisdiction, the court notes that the second amended complaint to which it refers in its response, was filed with the District Court for the District of Columbia on May 8, 2017, see ECF No. 8-1 at 163, while the complaint in the present case was filed with this court on February 6, 2017, see ECF No. 1. Defendant is advised to make its argument more explicit if it believes there is a legal basis for concluding that the claims in the second amended complaint should relate back to the original complaint, which was filed with the District Court for the District of Columbia on December 2, 2016. See ECF No. 8-1 at 159.

IV.   Conclusion

For these reasons, plaintiff's motion for reconsideration is **GRANTED**. Accordingly, the clerk's office is directed to **VACATE** the April 7, 2017 judgment, ECF No. 5, entered in this matter and re-open the case, pursuant to this order. Defendant shall file its **answer** or otherwise respond to plaintiff's complaint on or before **August 18, 2017**.

IT IS SO ORDERED.

PATRICIA CAMPBELL-SMITH
Judge

3