ORIGINAL

# In the United States Court of Federal Claims

No. 17-0179 C

**FILED**

(E-Filed: December 21, 2017)

**DEC 2 1 2017**

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| JULIE BEBERMAN, | ) |
| | ) |
| Plaintiff, | )    Pro Se; Equal Pay Act, 29 U.S.C. |
| | )    § 206(d) (2012); Motion to Dismiss for |
| v. | )    Lack of Subject Matter Jurisdiction, |
| | )    RCFC 12(b)(1); 28 U.S.C. § 1500 |
| THE UNITED STATES, | )    (2012); RCFC 12(h)(3). |
| | ) |
| Defendant. | ) |
| | ) |

Julie A. Beberman, Arlington, VA, pro se.

Margaret J. Jantzen, Trial Attorney, with whom were Chad A. Readler, Acting Assistant
Attorney General, Robert E. Kirschman, Jr., Director, Deborah A. Bynum, Assistant
Director, Commercial Litigation Branch, Civil Division, United States Department of
Justice, Washington, DC, for defendant. Jessica Thibodeau and Marianne Perciaccante,
Office of the Legal Advisor, United States Department of State, of counsel.

## OPINION

CAMPBELL-SMITH, Judge.

     Plaintiff, an employee of the United States Department of State, brings this action
under the Equal Pay Act of 1963 (Equal Pay Act), Pub. L. No. 88-38, § 3(d), 77 Stat. 56
(codified at 29 U.S.C. § 206(d) (2012)), alleging gender-based discrimination in pay and
benefits. See Compl., ECF No. 1 at 1.[1] Plaintiff claims that the government
discriminated against her by paying her less and providing her with fewer benefits than a
similarly-situated male employee within the State Department. Id. at 3-4. In her
complaint, plaintiff seeks "back pay, liquidated damages, benefits, interest, and injunctive
relief." Id. at 1. Now before the court is defendant's motion to dismiss filed under Rule
12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC) for lack of

---

[1]    All document references and page citations are to the electronic record preserved
in the court's Case Management/Electronic Case Files (CM/ECF) system.

jurisdiction, pursuant to 28 U.S.C. § 1500 (2012). See Def.'s Mot. to Dismiss, ECF No. 13. Defendant's motion has been fully briefed and is ripe for a decision by the court. For the following reasons, defendant's motion is **GRANTED**.

I.   Background

Plaintiff is employed by the State Department as a non-tenured member of the Foreign Service. See ECF No. 1 at 1. Upon entry to the Foreign Service, employees serve under a limited appointment for a trial period not to exceed five years during which a commissioning and tenure board recommends whether an employee should receive tenure and a career appointment. See 22 U.S.C. §§ 3946(a), 3946(b), 3949(a) (2012). In March 2016, plaintiff was serving at Embassy Malabo in Equatorial Guinea, where she allegedly "received overseas comparability pay, hardship pay, service needs differential, a cost of living allowance, housing, substantial overtime compensation, and was eligible to participate in . . . the student loan repayment program." ECF No. 1 at 2.

On March 27, 2016, plaintiff's limited career appointment expired without an offer of tenure. Id. Thereafter, the State Department placed plaintiff on a "Separation Order" and directed her to return to Washington, D.C. before the scheduled completion of her assignment at Embassy Malabo. Id. Plaintiff alleges, in the case at bar, that she did not receive an overnight stop, home leave, a temporary quarters service allowance, or the opportunity to retrieve her household effects. Id. at 2, 5. Plaintiff further alleges that she did not initially receive "Washington locality pay or a transit subsidy" upon returning to Washington, and "was not initially given a formal Washington assignment." Id. at 2. According to plaintiff, the denial of these benefits constitutes discrimination on defendant's part because a similarly-situated male colleague, who was also denied tenure, did receive the enumerated benefits. See id. at 3-4.

This case is only one in a long succession of complaints filed by plaintiff. First, on May 9, 2014, plaintiff filed a complaint in the United States District Court for the District of the Virgin Islands, alleging age and gender discrimination. See Beberman v. U.S. Dep't of State, No. 14-0020 (D.V.I. May 22, 2014) (first DVI action), Compl., ECF No. 1. Plaintiff filed her first amended complaint on May 22, 2014. See first DVI action, Am. Compl., ECF No. 21.

In that case, plaintiff sought a temporary restraining order or preliminary injunction on March 18, 2016, through which she asked the court to retain her "in her current assignment at the U.S. Embassy in Malabo, Equatorial Guinea until she fulfills her assignment in December 2017." First DVI action, Mot. for TRO or Prelim. Injunct., ECF No. 56. The court denied her motion, see first DVI action, ECF No. 74 (denying injunctive relief), 84 (denying reconsideration), and plaintiff appealed to the United States Court of Appeals for the Third Circuit, see Beberman v. U.S. Dep't of State, No. 16-1788 (Third Circuit appeal, docketed on April 4, 2016). On appeal, plaintiff

explained her request for injunctive relief to "remain at Embassy Malabo, because Defendant[']s discriminatory and retaliatory animus proximately caused her to be denied tenure and Defendants directed her to depart Embassy Malabo for Washington in the middle of her three year tenure." See Def.'s Mot. to Dismiss App'x, ECF No. 13-1 at 102. Plaintiff argued that absent injunctive relief, she would lose not only her position in Malabo, but also various benefits, the service-needs differential, and the student loan repayment credit. See id. at 114, 123, 142-43. The Third Circuit denied plaintiff relief, entering judgment on January 12, 2017, and issuing its mandate on March 6, 2017, see id. at 172-173.

The first amended complaint in the first DVI action remained the operative complaint until September 1, 2017, when the court issued rulings on plaintiff's second, third, fourth, fifth, and sixth amended complaints, and ordered plaintiff to file her seventh amended complaint in accordance with its findings. See first DVI action, ECF No. 129 (opinion); 130 (order). The case remains pending, and plaintiff filed her seventh amended complaint on October 16, 2017. See first DVI action, ECF No. 137.

On August 15, 2016, while plaintiff's Third Circuit appeal was pending, plaintiff filed suit in this court, alleging violations of the Equal Pay Act. See Beberman v. United States, No. 16-cv-1006 (2016 CFC action), Compl., ECF No. 1. The allegations in the 2016 CFC complaint are virtually identical to those in the present action. Compare 2016 CFC action, Compl., ECF No. 1, with present case, Compl., ECF No. 1. The court dismissed the 2016 CFC case for lack of jurisdiction on December 8, 2016. See 2016 CFC action, ECF No. 12 (dismissing complaint); ECF No. 18 (denying reconsideration). The court held that the issues plaintiff raised in the earlier-pending Third Circuit appeal were substantially similar to those in the 2016 CFC action, arising from the same set of operative facts, and thus, the court lacked jurisdiction pursuant to 28 U.S.C. § 1500. See 2016 CFC action, ECF No. 12 at 8-9.

On September 19, 2016, plaintiff filed a second suit in the District Court of the Virgin Islands, Beberman v. U.S. Dep't of State, No. 16-00063 (D.V.I. Sept. 19, 2016) (second DVI action). In the second DVI action, plaintiff sought a writ of mandamus, alleging that her separation orders violated an order from the Foreign Service Grievance Board. See second DVI action, Compl., ECF No. 1 at 1. The court dismissed the case for lack of jurisdiction on August 9, 2017. See second DVI action, ECF No. 33.

And finally, the last lawsuit brought prior to the instant action was filed in the United States District Court for the District of Columbia, on December 2, 2016, Beberman v. Tillerson, No. 16-2316 (D.D.C. Dec. 2, 2016) (DDC action). In the DDC action, plaintiff alleges discrimination (based on gender, age, race, sexual orientation, national origin and disability) and retaliation. See DDC action, Compl., ECF No. 1. The case remains pending, and is proceeding on the second amended complaint. See DDC action, Second Am. Compl., ECF No. 33.

Presently before the court is defendant's motion to dismiss plaintiff's complaint for lack of jurisdiction. See ECF No. 13.

II.    Legal Standards

Pursuant to the Tucker Act, the Court of Federal Claims has jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012).  Congress has limited the court's grant of subject-matter jurisdiction in 28 U.S.C. § 1500, which provides:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

Id.  When § 1500 applies, this court lacks jurisdiction and must dismiss the complaint. See id.; United States v. Tohono O'Odham Nation, 563 U.S. 307, 314, 318 (2011); see also RCFC 12(h)(3).

To determine whether § 1500 applies, a court must answer two questions in the affirmative: "(1) whether there is an earlier-filed 'suit or process' pending in another court, and, if so, (2) whether the claims asserted in the earlier-filed case are 'for or in respect to' the same claim or claim(s) asserted in the later-filed [this court's] action." Brandt v. United States, 710 F.3d 1369, 1374 (Fed. Cir. 2013) (citing Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163-64 (Fed. Cir. 2011)). As to the first question, a claim is "pending" from the time that it is filed until a final judgment is entered, and begins pending once again when a motion for reconsideration or a notice of appeal is filed. Id. at 1379-80. As to the second question, courts must distinguish between operative facts and background facts; only those facts that "are critical to plaintiffs' claims in both actions" are relevant. See Cent. Pines Land Co. v. United States, 697 F.3d 1360, 1364-65 (Fed. Cir. 2012). The Supreme Court has held that, "[t]wo suits are for or in respect to the same claim, precluding [this court's] jurisdiction, if they are based on substantially the same operative facts, regardless of the relief sought in each suit." Tohono, 563 U.S. at 317.

III.    Analysis

In its motion to dismiss, defendant argues that § 1500 applies to preempt this court's jurisdiction based on the Third Circuit appeal of the first DVI action, and in the

alternative, based on the second DVI action. See ECF No. 13. For the following reasons, the court concludes that it lacks jurisdiction based on the pendency of the Third Circuit appeal of the first DVI action at the time the present case was filed.

A.   The Third Circuit Appeal of the First DVI Action Was Pending When the Present Case Was Filed

The court's first task is to determine whether plaintiff had a "suit or process" pending in another court at the time she filed the instant complaint. As outlined above, the Third Circuit appeal of plaintiff's first DVI action was docketed on April 4, 2016, the court entered judgment on January 12, 2017, and the court's mandate issued on March 6, 2017. See Beberman v. U.S. Dep't of State, No. 16-1788 (3d Cir. Apr. 4, 2016). Plaintiff filed the present case on February 6, 2017, between the times when the Third Circuit entered judgment and issued its mandate. See ECF No. 1. In its motion to dismiss, defendant argues that the Third Circuit case was pending for purposes of § 1500 until the mandate issued on March 6, 2017. See ECF No. 13 at 8; ECF No. 16 at 1-3. Plaintiff, in response, argues that her appeal was no longer pending once the Third Circuit entered judgment on January 12, 2017. See ECF No. 15 at 2-4. Given the particular timeline involved, the court must determine which interpretation is correct in order to decide whether § 1500 operates to bar this court's jurisdiction in the present case on the basis of the Third Circuit appeal.

Neither the parties nor the court have found precedent that speaks directly to whether an appeal is considered pending until the mandate issues for purposes of § 1500. A number of relevant and persuasive authorities, however, assist the court's analysis of this question. First, defendant points to Rule 41(c) of the Federal Rules of Appellate Procedure, which governs the issuance and effective date of an appellate court's mandate. The advisory committee's 1998 note on the subsection states: "A court of appeals' judgment or order is not final until issuance of the mandate; at that time the parties' obligations are fixed." Federal Circuit precedent is in accord with this comment. In Fresenius USA, Inc. v. Baxter International, Inc., 721 F.3d 1330, 1346 (Fed Cir. 2003), the court observed that a case is pending until the mandate issues. See id. ("We have held that a new statute enacted even after a final decision on appeal is applicable in a pending case, so long as our mandate ending the litigation has not yet issued.") (citing GPX, Int'l Tire Corp. v. United States, 678 F.3d 1308, 1312 (Fed. Cir. 2012)).

Plaintiff argues that the Federal Circuit's decision in Brandt supports her position. In Brandt, the Federal Circuit decided the question of "whether a claim or counterclaim is 'pending' under § 1500 after judgment is entered but before the time for filing an appeal has expired." 710 F.3d at 1375. The government argued that "a suit is 'pending' in another court for purposes of § 1500 until it is no longer appealable." See id. at 1378. The court disagreed, instead holding that "once a claim is dismissed or denied, it is no

longer 'pending' for § 1500 purposes until a motion for reconsideration or notice of appeal is filed." Id. at 1379-80.

Plaintiff reasons that, pursuant to the Federal Circuit's decision in Brandt, the Third Circuit "dismissed or denied" her appeal for purposes of § 1500 when it issued its judgment on January 12, 2017, and thus, the case was no longer pending when she filed her complaint in this court on February 6, 2017. See ECF No. 15 at 4. The analysis in Brandt, however, does not compel such a conclusion. As defendant correctly notes, "[c]entral to the court's holding was the understanding that 'when a district court enters judgment and that judgment becomes final, the case is closed on the court's docket.' [Brandt, 710 F.3d] at 1378. In other words, it is the finality of the district court's judgment that extinguishes the claim." ECF No. 16 at 2-3.

The court agrees with defendant's reasoning on this point. In order to determine when a claim is no longer pending, the court must determine when a decision on that claim is final. The authorities discussed above persuasively establish that a decision on appeal is final when the mandate issues. As such, plaintiff's appeal was pending before the Third Circuit for purposes of § 1500 at the time she filed the present action.

B.      The Claims Asserted in the Third Circuit Appeal Are "for or in Respect to" the Claims Asserted in the Present Case

Defendant argues that in both this case and in the Third Circuit appeal plaintiff "is challenging government conduct that occurred after—and as a result of—her tenure denial." See ECF No. 16 at 8. Specifically, defendant states that in both cases plaintiff "challenges the State Department's directive to leave her post in Malabo without completing her assignment there, and the resulting loss of benefits," and "alleges that she was denied overseas benefits . . . as well as local benefits when she returned to Washington." See id. (collecting comparative citations to the instant complaint and plaintiff's appellate brief). Defendant insists that the symmetry of these operative facts demonstrates that the claims made in the complaint presently before the court are "for or in respect to" the claims asserted in plaintiff's Third Circuit appeal, implicating the jurisdictional limitation of § 1500. See id. at 8-9.

Defendant's argument is precisely in line with this court's previous decision dismissing plaintiff's 2016 CFC action for lack of jurisdiction pursuant to § 1500. Therein, the court reasoned that plaintiff's "pending appeal in the Third Circuit and complaint filed with this court both address the State Department's conduct after the denial of tenure in 2016, not before." See 2016 CFC action, ECF No. 12 at 8. The court also found that plaintiff "argues in both suits that the State Department wrongly directed her to leave Equatorial Guinea before the completion of her assignment, resulting in an alleged loss of benefits." See id. As the court has previously noted, the allegations in the 2016 CFC complaint are virtually identical to those in the present action.

In her response, plaintiff does not contest defendant's assertion that the claims in this case are sufficiently similar to those in the Third Circuit appeal to meet the standard under § 1500. See ECF No. 15 at 2-3. Instead, she characterizes the problem for the court as legal, rather than factual. After summarizing this court's previous ruling, see id., plaintiff states: "[t]he question for this Court to decide in determining whether it has jurisdiction is whether, for purposes of 28 U.S.C. § 1500, Beberman's claims were still pending between January 12, 2017 when the Third Circuit entered Judgment and March 6, 2017 when the Clerk of Court issued the mandate." Id. at 3.

The court agrees that the issue before it is a legal one. The operative facts supporting the claims in this case belong to the same set of facts supporting plaintiff's request for injunctive relief, as presented in the Third Circuit appeal. Here, plaintiff has alleged that the separation order she received after being denied tenure resulted in a host of losses including: "overseas comparability pay, hardship pay, service needs differential, a cost of living allowance, housing, substantial overtime compensation, and [eligibility] to participate in . . . the student loan repayment program." See ECF No. 1 at 2. In addition, she was denied the right to an overnight stop when returning to Washington, home leave, a temporary quarters service allowance, the opportunity to retrieve her household items, locality pay, and a transit subsidy. See id. at 2, 5. She also alleges that she should have, but did not, receive a formal assignment upon returning to Washington. See id. at 2.

Similarly, in her motion seeking injunctive relief, the denial of which she appealed to the Third Circuit, plaintiff sought a temporary restraining order or preliminary injunction on March 18, 2016, in which she asked the court to retain her "in her current assignment at the U.S. Embassy in Malabo, Equatorial Guinea until she fulfills her assignment in December 2017." See first DVI action, ECF No. 56. On appeal, plaintiff explained her request for injunctive relief to "remain at Embassy Malabo, because Defendant[']s discriminatory and retaliatory animus proximately caused her to be denied tenure and Defendants directed her to depart Embassy Malabo for Washington in the middle of her three year tenure." See ECF No. 13-1 at 102. Plaintiff argued that absent injunctive relief, she would lose not only her position in Malabo, but also various benefits, service-needs differential, and student loan repayment credit. See id. at 114, 123, 142-43.

Because plaintiff's present claim arises out of the same set of operative facts as the claims she litigated in her Third Circuit appeal, those claims are "for or in respect to" the claims made before the Third Circuit for purposes of § 1500.

IV.    Conclusion

        For the foregoing reasons, the court finds that it lacks jurisdiction over plaintiff's claims pursuant to § 1500.  Defendant's motion to dismiss, ECF No. 13, is **GRANTED**. The clerk's office is directed to **ENTER** final judgment **DISMISSING** plaintiff's complaint for lack of subject matter jurisdiction, without prejudice.  Once judgment is entered this matter is considered closed.  The clerk's office is directed to return any future filings not in compliance with this court's rules to plaintiff, unfiled, without further order.

        IT IS SO ORDERED.

                                                    _____
                                                    PATRICIA CAMPBELL-SMITH
                                                    Judge