# In the United States Court of Federal Claims

No. 17-179C

(E-Filed: April 2, 2020)

**NOT FOR PUBLICATION**

| | |
|---|---|
| JULIE BEBERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Motion to Stay. |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

ORDER

On January 9, 2020, defendant filed a motion to stay these proceedings "pending the outcome of Ms. Beberman's district court litigation in the District of the Virgin Islands because it raises nearly identical factual issues that will likely impact the outcome of this litigation." ECF No. 50 at 5.[1] Plaintiff filed a response in opposition to the motion on January 22, 2020. See ECF No. 51. And on February 7, 2020, defendant filed a reply in support of its motion to stay. See ECF No. 54. For the following reasons, defendant's motion to stay is **GRANTED**.

I. Background

In its motion to stay these proceedings, defendant details the cases that plaintiff has filed seeking redress for employment decisions made by the United States Department of State while plaintiff served as a member of the foreign service. It explains: "Since March 27, 2016, when she was scheduled to be separated from the State Department, Ms. Beberman has filed eight cases in Federal court, and at least seven administrative grievance appeals regarding alleged discrimination she suffered during her

---

[1] All citations to the case management/electronic case filing (CM/ECF) system are references to the record in this case, unless otherwise noted.

brief employment with the State Department between 2011 and 2016." ECF No. 50 at 7. For purposes of the present motion, there are two relevant proceedings.

The first is plaintiff's case filed in the District Court for the Virgin Islands on May 9, 2014, <u>Beberman v. United States Department of State</u>, Case No. 14-0020 (the DVI case). <u>See</u> <u>id.</u> In the DVI case, plaintiff filed seven amended complaints, alleging seven claims. <u>See</u> <u>id.</u> Plaintiff alleges, in the seventh amended complaint filed in the DVI case on October 16, 2017, that Mr. John Elliott is the proper comparator. <u>See, e.g.</u>, DVI case, ECF No. 137 at 23 (alleging that plaintiff was treated differently from "John Elliott, a similarly situated older male colleague at an overseas post"); <u>id.</u> at 29 ("Beberman was treated differently and far less favorably than Elliott, who was similarly situated, because she is an older female."). The district court dismissed five of the seven claims on defendant's motion to dismiss, holding that "Counts 5 and 6 of Plaintiff's Seventh Amended Complaint only survive as retaliation claims under the ADEA." DVI case, ECF No. 149 (order granting in part and denying part defendant's motion to dismiss).

The district court granted defendant's motion for summary judgment on the retaliation claims in the DVI case on January 31, 2020, and dismissed the case in its entirety on the same date. <u>See</u> DVI case, ECF No. 247 (opinion granting defendant's motion for summary judgment); ECF No. 246 (order dismissing the case). On March 25, 2020, plaintiff filed a notice of appeal to the United States Court of Appeals for the Third Circuit. <u>See</u> DVI case, ECF No. 248.

Plaintiff filed in this court on February 6, 2017 (the CFC case). <u>See</u> ECF No. 1 (complaint). The court granted defendant's motion to dismiss the complaint for lack of jurisdiction on December 21, 2017. <u>See</u> ECF No. 18. On appeal, the Court of Appeals for the Federal Circuit reversed this court's ruling and remanded the case on October 12, 2018. <u>See</u> ECF No. 21 (Federal Circuit's opinion). The mandate issued on December 3, 2018. <u>See</u> ECF No. 25 (Federal Circuit's mandate). Following remand, and a number of procedural events that are not relevant to the instant motion, plaintiff filed an amended complaint on November 26, 2019. <u>See</u> ECF No. 47 (amended complaint).

In her amended complaint, plaintiff seeks "back pay, liquidated damages, benefits, interest, and injunctive relief, and . . . such other relief as is just and proper, for violation of the Equal Pay Act, 29 U.S.C. § 206(d)(1)." <u>Id.</u> at 1. Plaintiff identifies Mr. John Elliot "as the comparator for the purposes of this Equal Pay Act claim." <u>Id.</u>

II.     Legal Standards

While not "without bounds," the court's discretion to stay its proceedings is broad and well-established. <u>See</u> <u>Cherokee Nation of Oklahoma v. United States</u>, 124 F.3d 1413, 1416 (Fed. Cir. 1997) ("The power of a federal trial court to stay its proceedings, even for an indefinite period of time, is beyond question.") (citing <u>Landis v. North Am.</u>

2

Co., 299 U.S. 248, 254-55 (1936); Hendler v. United States, 952 F.2d 1364, 1380 (Fed. Cir. 1991)).

Nevertheless "[a] stay so extensive that it is 'immoderate or indefinite' may be an abuse of discretion." Id. (citations omitted).  The Supreme Court of the United States has explained that a "stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." Landis, 299 U.S. at 257.  A court may only properly exercise its discretion to grant an indefinite stay if there is a pressing need for such action.  See id. at 255.  In such a case, the court must "weigh competing interests and maintain an even balance." Id. (citing Kansas City Southern Ry. Co. v. United States, 282 U.S. 760, 763 (1931)).

III.   Analysis

Defendant now urges the court to stay this matter "pending the outcome of Ms. Beberman's district court litigation in the District of the Virgin Islands because it raises nearly identical factual issues that will likely impact the outcome of this litigation." ECF No. 50 at 5.  According to defendant, "[a] stay would conserve judicial resources, avoid conflicting rulings in nearly identical cases, and help to lessen the burden that Ms. Beberman's duplicative litigation is having on us and the courts." Id.  For her part, plaintiff asserts four arguments in opposition to the stay sought by defendant.

First, plaintiff argues that "[t]he court should not only allow this case to proceed, it should expedite it," because "[t]his case has already been prolonged as a result of dismissal and appeal." ECF No. 51 at 2.  She claims that "for the Court to enter a stay in this case after such a protracted period of jurisdictional limbo would be to shirk its duty, counter to public policy." Id. at 3.  The court disagrees.  The time spent as a result of the dismissal and appeal is simply a normal function of litigation, and as such, creates no unfairness to plaintiff.

Plaintiff next argues that the first-to-file doctrine should prevent a stay in this case because her claims under the Equal Pay Act were asserted here before she alleged "similar conduct" in the DVI case by way of an amended complaint.  See id. at 3-4.  As explained by plaintiff, the first-to-file doctrine "'favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions.'" Id. at 4 (quoting Merial Ltd. v. Cipla Ltd., 681 F.3d 1283, 1299 (Fed. Cir. 2012)).  The Federal Circuit has also noted, however, that application of this rule is discretionary: "Under the first-to-file rule, a district court may choose to stay, transfer, or dismiss a duplicative later-filed action, although there are exceptions and the rule is not rigidly or mechanically applied—'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'" Merial, 681 F.3d at 1299 (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183-84 (1952)).  The DVI

case was filed on May 9, 2014, two and half years before this case was filed, on February 6, 2017. Plaintiff has presented no authority to support the application of the first-to-file rule in relation to the filing dates of amended complaints, and the court is not aware of any such precedent.[2] As such, the court is not persuaded that the first-to-file rule should be applied in this instance.

Plaintiff's third argument against the imposition of a stay is that defendant has failed to demonstrate a pressing need. See ECF No. 51 at 5. The proponent of a stay, however, is only required to demonstrate a pressing need when the proposed stay is indefinite in nature. See Landis, 299 U.S. at 255 (stating that a court abuses its discretion by granting "a stay of indefinite duration in the absence of a pressing need"). Plaintiff's argument is unavailing in this case because the stay requested by defendant is not indefinite. Defendant requests a stay only until plaintiff's DVI case, which is now on appeal, is resolved. As this court has previously held, a stay pending appeal is not indefinite by virtue of the fact that "the court cannot predict the exact date on which the Federal Circuit will issue its opinions." Farmer v. United States, 132 Fed. Cl. 343, 345 (2017). In the court's view, a stay pending resolution of the plaintiff's appeal in the DVI case is not of "immoderate" length, and may be granted in the discretion of the court. See Cherokee Nation, 124 F.3d at 1416.

Finally, plaintiff contends that the court should deny defendant's requested stay because it was made with the "improper intent to continue to delay this action." ECF No. 51 at 9. The court sees no evidence of improper motive, and plaintiff offers none in her response making this assertion. Plaintiff's response on this point consists only of argument in which she accuses defendant of trying to "prolong [her] hardship," and "delay [plaintiff] having her day in court." Id. at 9-10. Without more, the court will not assume improper motive on defendant's part.

After a thorough review of the submissions by the parties, the court considers a stay pending resolution of plaintiff's appeal to be appropriate. As noted above, in both cases plaintiff alleges employment discrimination, and in both cases she alleges that Mr. John Elliott is an appropriate comparator. See DVI case, ECF No. 137 at 23 (alleging that plaintiff was treated differently from "John Elliott, a similarly situated older male colleague at an overseas post"); id. at 29 ("Beberman was treated differently and far less favorably than Elliott, who was similarly situated, because she is an older female."); CFC case, ECF No. 47 at 1 (identifying Mr. John Elliot "as the comparator for the purposes of this Equal Pay Act claim"). Indeed, in her response to defendant's motion to stay,

---

[2] The court also notes that if the relevant filing dates were the dates on which amended complaints were filed, the DVI case would still have been filed first—the operative amended complaint in the DVI case was filed on October 16, 2017, see Beberman, Case No. 14-0020, ECF No. 137 (seventh amended complaint), while the operative amended complaint in this court was filed on November 26, 2019, see ECF No. 47 (first amended complaint).

plaintiff herself characterizes the claims in each case as "parallel," and involving "similar conduct." See ECF No. 51 at 4. Plaintiff's notice of appeal indicates that she intends to challenge the district court's decisions addressing all of the claims alleged in that case. See DVI case, ECF No. 248 (appealing the district court's decision granting defendant's motion to dismiss and the decision granting defendant's motion for summary judgment, along with a number of rulings on procedural motions).

In the court's view, the issues presented in the DVI case and the CFC case are sufficiently similar that the outcome of plaintiff's appeal of the DVI case may impact the relevant findings in this court and help focus the issues to be decided. A limited stay, therefore, is appropriate.

IV.     Conclusion

For the foregoing reasons, defendant's motion to stay these proceedings pending the outcome of plaintiff's appeal of the DVI case now before the Third Circuit, ECF No. 50, is **GRANTED**. The clerk's office is directed to **STAY** this matter until further order of the court. The parties are directed to **FILE** a **joint status report** informing the court of the Third Circuit's decision, and proposing an agreed upon schedule for proceeding in this case, within **fourteen days** of publication thereof.

IT IS SO ORDERED.

s/*Patricia E. Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH
Judge